IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Island Landscapes, LLC d/b/a Yardworks ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Michelle B. Garvey, District Director, ) <br> Wage and Hour Division, United States ) <br> Department of Labor; and Thomas E. Perez, ) <br> Secretary, United States Department of ) <br> Labor, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 2:13-cv-03536-RMG <br><br> COMPLAINT |

## INTRODUCTION

On November 25, 2013, the United States Department of Labor served Island Landscapes, LLC d/b/a Yardworks ("Yardworks") with a final determination, alleging that Yardworks violated 20 C.F.R. § 655.60(b) and assessing a $4500 civil money penalty. Final Determination (attached as Ex. A). Yardworks now brings this action under the Administrative Procedure Act (APA), 5 U.S.C. §§ 501 et seq. to challenge the Department of Labor's Final Determination.

## PARTIES

1. Yardworks is a South Carolina limited liability corporation located in Charleston, South Carolina.

2. Michelle B. Garvey is the South Carolina District Director of the Wage and Hour Division of the United States Department of Labor. In her official capacity, Ms. Garvey issued the Final Determination.

1

3. Thomas E. Perez is the Secretary of the United States Department of Labor and, in his official capacity, he is charged with enforcing the Department of Labor's statutes and regulations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this complaint under 28 U.S.C. § 1331 and 5 U.S.C. §§ 501 et seq. Further, the Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Finally, the Court has authority to award costs and attorneys' fees under 28 U.S.C. § 2412.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in South Carolina: Yardworks is located in Charleston, South Carolina, and South Carolina District Director Garvey works and conducts business in Columbia, South Carolina. Further, the United States Department of Labor does business in the District of South Carolina.

6. The Final Determination adversely affected Yardworks and it is a final agency action because it is the consummation of the Wage and Hour Division's decision making process and it carries with it immediate legal consequences.

## FACTS

7. Yardworks is a small, family-run landscaping business in Charleston, South Carolina.

8. In 2012 and 2013, Yardworks hired non-immigrant, non-agricultural workers under 8 U.S.C. § 1101(a)(15)(h)(ii)(B) ("H-2B Program").

9. In 2013, Yardworks employed approximately twenty-six year-round employees and four non-immigrant, non-agricultural workers under the H-2B Program.

10. Yardworks tentatively plans to hire up to six additional year-round and/or H-2B workers in 2014.

11. However, in April of 2013, a United States Department of Labor investigator contacted Yardworks and explained that the Department of Labor intended to audit Yardworks' participation in the H-2B Program.

12. Over the next eight months, the Department of Labor investigator demanded thousands of pages of documents, conducted at least four site visits to Yardworks' office, and interviewed Yardworks' personnel over the phone at least a dozen times.

13. Yardworks complied with all of her requests, interviews, and questions.

14. On September 23, 2013, the Department of Labor investigator clumsily explained to Yardworks she believed Yardworks had violated the terms of the H-2B program by rewarding three of its four 2013 H-2B workers with minimal raises.

15. She made no mention of a civil money penalty.

16. After this meeting, it was unclear to Yardworks what regulation or statute it had violated or how it had violated it.

17. On November 25, 2013, Yardworks received South Carolina District Director Michelle B. Garvey's Final Determination. Ex. A.

18. The Final Determination provides no factual or legal basis for its determination that Yardworks violated 20 C.F.R.§ 655.60(b) and its assessment of a $4500 civil money penalty. Ex. A.

19. Yardworks is required to pay the $4500 civil money penalty by December 25, 2013.

20. If Yardworks does not pay the civil money penalty timely, it will be irreparably harmed because it will accrue interest and Department of Labor may take steps to debar Yardworks from participating in the H-2B Program in the future.

21. If Yardworks is required to pay the civil money penalty or debarred from the H-2B program, it will be irreparably harmed because it may not be able to expand its business in 2014 as planned.

22. Further, if the Department of Labor's Final Determination takes effect, it will be irreparably harmed because it will hurt Yardworks reputation in the tight-knit landscaping business in Charleston, South Carolina.

23. Similarly, if the Department of Labor's Final Determination takes effect, it will be irreparably harmed because it may hurt Yardworks ability to attract H-2B workers in the future.

24. If the Final Determination takes effect, it will be irreparably harmed because Yardworks will be stigmatized as an immigration law violator.

### CAUSE OF ACTION
(Violation of the APA)

25. Yardworks re-alleges all of the allegations contained in paragraphs 1 – 24.

26. The Final Determination violates the APA. See 5 U.S.C. § 706.

27. Predominantly, the Final Determination is in excess of statutory authority because the Department of Labor has no statutory authority to issue legislative rules for the H-2B program and it cannot enforce its ultra vires legislative rules.

28. The Final Determination also fails to follow procedures required by law because it violates its own regulations by refusing to provide the reasons for the violation or its civil money penalty.

29. Further, the Final Determination is arbitrary and capricious because it lacks reasoned decision-making.

30. Also, the Final Determination is not supported by substantial evidence because Yardworks fully complied with its obligations and duties under the H-2B Program.

31. The Final Determination violates the Yardworks' Due Process rights because it relies on <u>ultra vires</u> legislative rules and fails to provide sufficient notice that would allow Yardworks to adequately respond.

32. Yardworks is, therefore, entitled to a declaration that the Final Determination is unlawful and an order setting aside the Final Determination.

## **CLAIM FOR EQUAL ACCESS TO JUSTICE ACT FEES**

33. Yardworks re-alleges all of the allegations contained in paragraphs 1-33.

34. The Department of Labor's Final Determination is substantially unjustified.

35. Yardworks is, therefore, entitled to reasonable attorney's fees under the Equal Access to Justice Act.

## **PRELIMINARY INJUNCTION**

36. Yardworks re-alleges all of the allegations contained in paragraphs 1-35.

37. Yardworks is likely to succeed on the merits because recent case law indicates that the Department of Labor lacks authority to engage in rulemaking related to the H-2B program.

38. Yardworks will suffer irreparable harm to its finances, reputation, and business unless this Court enjoins the effectiveness of the Final Determination during the pendency of this case.

39. The Department of Labor will not be harmed by delaying the effectiveness of its Final Determination.

40. The public interest is served by enjoining <u>ultra vires</u> and unlawful governmental action.  Further, delaying the effectiveness of the Final Determination will not harm the public interest.

## PRAYER FOR RELIEF

WHEREFORE, YARDWORKS PRAYS THAT THIS COURT WILL:

41. Declare the Final Determination <u>ultra vires</u> or otherwise unlawful.

42. Issue a temporary restraining order or preliminary injunction enjoining the effectiveness of the Final Determination during the pendency of this action.

43. Issue an order permanently enjoining enforcement of the Final Determination and setting aside the Department of Labor's Final Determination.

44. Grant Yardworks' attorneys' fees under the Equal Access to Justice Act.

45. Enter and issue other relief that this Court deems just and proper.

[signature block on next page]

December 19, 2013  Respectfully Submitted,

<div style="margin-left: 2em;">

s/Bradley B. Banias
BRADLEY B. BANIAS (Fed No. 11585bb)
Associate Attorney
Barnwell Whaley Patterson & Helms, LLC
SC Bar No. 76653
P.O. Drawer H
Charleston, SC 29402
P: 843.577.7700
F: 843.577.7708
Email: bbanias@barnwell-whaley.com


Attorney for Plaintiff Yardworks

</div>

7